DAVID F. CASTLEMAN, FOR USE OF F. G. GOODMAN, *v.* BARNEY SHERRY.

1. LAND—EVIDENCE.—In a suit by a plaintiff to secure title to land for the use of one, to whom in his petition, it is alleged that he had sold it, the right of the party for whose use the suit is prosecuted to the

land must be established by evidence other than the declaration of use to him in the petition, before a recovery can be had.

2. JURY.—Section 10, article V, of the Constitution of 1876, in regard to trials by jury, was not practically put in operation until the adoption of the act of August, 1876, regulating juries; there was no error in impaneling a jury, without requiring the jury fee to be first paid, at the request of a party, between the date of that act and the third Tuesday in April, 1876, when the Constitution became the organic law of the State.

3. ADMISSIONS—EVIDENCE—STATEMENT OF FACTS.—A statement of facts purporting to contain the testimony of a party to a suit in a former trial, but which was not signed by him, does not stand on the footing of admissions in writing, and is not admissible against him.

APPEAL from Red River. Tried below before the Hon. B. T. Estes.

This suit was brought by Castleman, for the use of F. G. Goodman, to recover a title to land on a verbal contract, alleging the payment of the purchase-money and valuable improvements made by the purchaser. Castleman, in his petition, alleged that he had, subsequent to his verbal contract for purchase, sold the land to one Goodman, but there seems to have been no effort to make Goodman a party to the suit. No exceptions were taken to the petition. The case was tried in May, 1876, after the Constitution of 1876 had gone into effect, which requires a jury fee to be paid by the party demanding one "for such sum and with such exceptions as may be prescribed by the Legislature," but before any legislative enactment under it. A jury was impaneled at defendant's request, without the jury fee being paid, and this was assigned as error. The testimony as to the completion of the parol contract of sale was conflicting.

Verdict and judgment for defendant, from which Castleman appealed.

*James H. Clark*, for appellant.

ROBERTS, CHIEF JUSTICE.—The petition of Castleman, as plaintiff, stated that he had sold the land for which he claimed

a title and recovery of possession from defendant, to Goodman, for whose use he sued, and still he did not make Goodman a party to the suit, either as plaintiff or as defendant, by the allegations or prayer of his petition. His prayer was for a decree passing title to Castleman or Goodman. The amended petition prayed for the further relief that the plaintiff might be invested with the title to the land, and the awarding a writ of possession to place the plaintiff in possession, but did not withdraw the allegation of disclaimer of title in himself.

The defendant did not except to this petition, but answered by a general denial, and by a special plea, which in substance amounted to a denial. Under such an issue, the petition not being excepted to, the court had no opportunity to pass upon the legality of such a suit in such a form.

The cause having been tried upon the issues of fact made by the parties themselves, the court held, as shown in the charge, that as Castleman had alleged title in Goodman by his (Castleman's) sale to him, the right of Goodman to the land must be established by proof, other than the declaration of use to him in the petition, before a recovery could be had in this suit. Admitting that such a suit so brought could be maintained, for which no precedent is shown to us, the charge seems to be quite reasonable and proper; for, if Castleman could bring a suit for title to land for the use of Goodman, it must be on the theory that Goodman was substantially the owner of it, as he had in effect alleged in his petition. Under this view of the case, the court charged the jury, at the request of plaintiff, that if it was shown that Castleman had acquired the title from Sherry, and Goodman from Castleman, they should find for the plaintiff.

It is evident that the court conformed his charge, as nearly as he consistently could, to the case set up in the pleadings of the plaintiff.

The evidence upon the issues made by the parties was conflicting, to some extent, in reference to the completion of

the verbal contract of sale, and it was not proved that Good-man had paid for the land.

There is therefore no ground for disturbing the verdict of the jury.

As to the objection to the impaneling a jury without the jury fee being paid, it may be answered, that at the time of the trial, the Legislature had not regulated that subject, as contemplated by the Constitution, before it could be practically put in operation. (Const. 1876, sec. 10, art. V; Jury Law, Genl. Laws, 1876, Aug., 1876, sec. 17 page 81.)

The exceptions to a part of the statement of facts, made at a former trial, as evidence, were properly ruled on by the court. It was not shown that they were signed by the party so as to stand on the footing of admissions in writing, and were properly excluded by the court.

Judgment affirmed.

AFFIRMED.